JOACHIM KOHN and JOHN F. MILLER, Syndics of the creditors of said Miller, an Insolvent, and Horace C. Cammack, Assignee of Kohn, Daran & Company, Bankrupts *v.* CHARLES BYRNE.

Where a *fi. fa.* and the sheriff's return are produced as evidence of a judicial sale, without opposition, it will be sufficient to prove the sale.

Property claimed by a plaintiff cannot be alienated pending the action, so as to prejudice his rights.   If judgment be rendered in his favor, the sale will be con-

sidered as the sale of another's property, and will not prevent his being put in possession by virtue of the judgment. C. C. 2428.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
*Lockett* and *Micou*, for the plaintiffs.

*A. Hennen*, for the appellant.

MARTIN, J. Charles Byrne, the plaintiffs' lessee, being sued on his lease, applied to the District Court of the United States for the benefit of the bankrupt law of Congress. His assignee was made a party to the suit, and the plaintiffs had judgment. Emerson having, during the pendency of the proceedings, acquired Byrne's interest in the lease, with notice of the proceedings, the court ordered that the judgment obtained against Byrne's assignee be executed on the premises leased, in the possession of Emerson. From this judgment he has appealed.

His counsel has not contested the correctness of the judgment against Byrne's assignee, but has contented himself with urging that the plaintiffs have not made out by legal evidence a case against him, and ought to have been non suited.

The *fi. fa.* issued by the Court of Probates, and the sheriff's return thereon, are said to form all the evidence of the purchase. That no judgment authorizing the issuing of the *fi. fa.* is produced. That the sheriff's return forms evidence against the parties thereto; that as to others, it is *res inter alios acta*. That the return does not show that any title was ever made to the defendant. Farther, the defendant denied all the plaintiffs' allegations, admitting, however, that he is in possession of the premises, not in his own right, but in that of his sister. It does not appear to us that the court erred. There was no bill of exceptions to the introduction of the *fi. fa.* or the sheriff's return. They proved *rem ipsam*, to wit, the sale, under a judgment, to Emerson. The judgment itself might be necessary to establish the *effect* of the sale; but being anterior thereto, could not establish the sale itself, which the judge concluded was sufficiently proved. Emerson's answer admits that he is in possession of the premises, but contends that the right thereto is in his sister. The latter allegation is contradicted by the *fi. fa.* and sheriff's return on the original writ, to the reading of which no opposition was made. The judgment against Emer-

son is only that the plaintiffs may exact that which they have obtained against Byrne, their lessee, and Emerson's vendor, by availing themselves of the lessor's privilege on the premises. There is nothing personal to Emerson. If he be not the proprietor, he has no interest in preventing the plaintiffs from availing themselves of their privilege on the premises.

It was, perhaps, unnecessary for the plaintiffs to make Emerson a party to the suit. The Civil Code, art. 2428, provides, that " the thing claimed as the property of the claimant, cannot be alienated pending the action, so as to prejudice his right. If judgment be rendered for him, the sale is considered as a sale of another's property, and does not prevent him from being put in possession by virtue of such judgment." See the case of *Long* v. *French*, 13 La. p. 261.

*Judgment affirmed.*